IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RONALD STRETCHER and YVONNE S. STRETCHER, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., GENERAL AMERICA CORPORATION OF TEXAS, and VANESSA GREGORY <br><br> Defendants. | § § § § § § § § § § § § § § | No. 3:13-cv-2932-L (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Bank of America, N.A. ("BOA") has filed a motion to dismiss this removed civil action brought by Plaintiffs Charles Ronald Stretcher and Yvonne S. Stretcher arising out of foreclosure proceedings initiated against their home in Dallas, Texas. Succinctly stated, Plaintiffs challenge the validity of BOA's home equity lien on their property and BOA's right to foreclose under Art. XVI, § 50(a) of the Texas Constitution. *See* Plf. Orig. Pet. at 3, ¶ 16. According to Plaintiffs, the home equity loan they obtained in 2006 when they refinanced their property with Fieldstone Mortgage Company was more than 80% of the fair market value of the home. *Id.* at 2-3, ¶¶ 11, 12. In 2013, after BOA acquired Plaintiff's loan, Plaintiffs provided written notice to BOA that the home equity lien was invalid in accordance with Art. XVI, § 50(a)(6)(Q)(x) of the Texas Constitution. *See id.*, ¶ 18. BOA allegedly failed to respond and wrongfully initiated foreclosure proceedings instead. *See id.*, ¶¶ 13-14, 18. Plaintiffs also allege that General American Corporation of Texas ("GAC") and Vanessa Gregory ("Gregory") were negligent in performing their duties as

the closing agent and escrow officer handling their home equity loan. *See id.* at 4, ¶¶ 20-21. By this lawsuit, Plaintiffs seek a declaratory judgment that BOA's lien is invalid, as well as monetary damages and attorney's fees. *See id.* at 4-5, ¶¶ 23-24. Plaintiffs originally filed this action in Texas state court, and BOA timely removed the case to federal court on the basis of diversity of citizenship and the assertion that GAC and Gregory, who are both Texas residents, were improperly joined. *See* Def. Rem. Not. at 3-4, ¶¶ 8-10. BOA now moves to dismiss all of Plaintiffs' claims and causes of action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs failed to file a written response to the motion. Accordingly, the Court considers the motion without the benefit of a response.

As a threshold matter, the Court must determine whether GAC and Gregory should be disregarded as improperly joined defendants for purposes of diversity jurisdiction. A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Here, Plaintiffs' sole cause of action against GAC and Gregory is for negligence in connection with the closing of their home equity loan. *See* Plf. Orig. Pet. at 4, ¶¶ 20-21. 2, ¶ 11. Under Texas law, the statute of limitations on a negligence claim is two years from the date the cause of action accrued. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2002). A cause of action for negligence accrues on the date the allegedly negligent act is committed. *See Johnson*

*& Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). Plaintiffs' original petition alleges that GAC and Gregory were negligent in connection with the closing of their home equity loan, which occurred "on or about March 27, 2006." Plf. Orig. Pet. at 2, ¶ 11. Plaintiffs did not file their original petition in this case until June 21, 2013 -- more than five years after the limitations period had expired. Thus, Plaintiffs' negligence claim against GAC and Gregory is barred by limitations. Because there is no reasonable basis to predict that Plaintiff might be able to recover against GAC or Gregory, their citizenship is properly disregarded for jurisdictional purposes.

Turning to the merits of BOA's motion, a district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

BOA argues that Plaintiffs claims are time-barred because they were not brought within the four-year limitations period applicable to claims under the Texas Constitution. Def. Mot. at 4-5. Plaintiffs have not responded to BOA's motion to dismiss and do not dispute this assertion. Section 50(a)(6) of the Texas Constitution does not contain a specific statute of limitations period. Under Texas law, however, when there is no express limitations period, the residual four-year statute of limitations applies. *See* TEX. CIV. PRAC. & REM. CODE § 16.051 (West 2008) ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). The Fifth Circuit recently held that Texas's residual four-year statute of limitations applies to all claims under Section 50(a)(6) of the Texas Constitution. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013); *see also Williams v. Wachovia Mortg. Corp.*, No. 05-12-00038-CV, 2013 WL 3477570, at *4 (Tex. App.--Dallas July 11, 2013) (finding the Fifth Circuit's analysis in *Priester* "persuasive" and affirming trial court's grant of summary judgment in favor of lender on grounds that claims arising under § 50(a)(6) of the Texas Constitution were barred by the four-year statute of limitations). For claims that a lender made a loan in violation of the Texas Constitution, the limitations period is calculated from the loan closing date. *Priester,* 708 F.3d at 675. In this case, Plaintiffs waited more than seven years after their home equity loan closed to file this lawsuit. Plaintiffs' claims are thus barred by limitations. *Id. See also Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *7 (S.D. Tex. May 29, 2013) (dismissing with prejudice on limitations grounds claims that home equity loan violated Section 50(a) of the Texas Constitution); *Ausmus v. Deutsche Bank Trust Co. Nat'l Ass'n*, No. 3:13-CV-148, 2013 WL 3938515, at *3 (S.D.Tex. July 29, 2013) (same).

Finally, Plaintiff's request for a declaratory judgment is dependent upon the assertion of a viable cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) (declaratory judgment is only a procedural device for granting a remedy and does not create any substantive rights or causes of action). Because Plaintiffs have failed to allege facts to support any claim upon which relief can be granted, their request for declaratory relief cannot survive and also should be dismissed. *Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. July 3, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). *Cf. McDonough v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930, at *2-3 (S.D. Tex. May 13, 2013) (relying on *Priester* in rejecting plaintiffs' request for declaratory judgment that home equity loan violated the Texas Constitution).

## RECOMMENDATION

The District Court should GRANT Defendants' Motion (Doc. 6) and DISMISS Plaintiff's claims with prejudice.[1]

---

[1] Ordinarily, the Court would allow Plaintiffs to amend their complaint in an attempt to cure the pleading defects identified by BOA. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiffs never sought leave to amend their initial pleading, even after BOA pointed out several deficiencies in its Rule 12(b)(6) motion to dismiss. Nor did they respond to BOA's motion to dismiss. In fact, Plaintiffs have not taken any action with respect to their case since it was removed from state court. The Court therefore determines that Plaintiffs are unwilling or unable to amend their complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

Finally, Plaintiff's request for a declaratory judgment is dependent upon the assertion of a viable cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) (declaratory judgment is only a procedural device for granting a remedy and does not create any substantive rights or causes of action). Because Plaintiffs have failed to allege facts to support any claim upon which relief can be granted, their request for declaratory relief cannot survive and also should be dismissed. *Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. July 3, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). *Cf. McDonough v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930, at *2-3 (S.D. Tex. May 13, 2013) (relying on *Priester* in rejecting plaintiffs' request for declaratory judgment that home equity loan violated the Texas Constitution).

## RECOMMENDATION

The District Court should GRANT Defendants' Motion (Doc. 6) and DISMISS Plaintiff's claims with prejudice.[1]

---

[1] Ordinarily, the Court would allow Plaintiffs to amend their complaint in an attempt to cure the pleading defects identified by BOA. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiffs never sought leave to amend their initial pleading, even after BOA pointed out several deficiencies in its Rule 12(b)(6) motion to dismiss. Nor did they respond to BOA's motion to dismiss. In fact, Plaintiffs have not taken any action with respect to their case since it was removed from state court. The Court therefore determines that Plaintiffs are unwilling or unable to amend their complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

SO RECOMMENDED, October 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).