IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLES RONALD STRETCHER** and **YVONNE S. STRETCHER**, <br><br> Plaintiffs, <br><br> v. <br><br> **BANK OF AMERICA, N.A.; GENERAL CORPORATION OF TEXAS; AND VANESSA GREGORY,** <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. **3:13-CV-2932-L** |

## ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 6), filed August 1, 2013, by Defendant Bank of America ("BOA"). This case was referred to Magistrate Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 21, 2013, recommending that BOA's Motion to Dismiss be granted and that all of Plaintiffs' claims be dismissed with prejudice, including those against Defendants General Corporation of Texas and Vanessa Gregory, who have not yet made an appearance in this action.

This mortgage foreclosure case was removed to federal court by BOA on July 29, 2013, based on diversity. The Notice of Removal alleges that General Corporation of Texas and Vanessa Gregory were improperly joined because the sole claim against them for negligence is barred by applicable statute of limitations. BOA filed its Motion to Dismiss on August 1, 2013, contending similarly that the negligence claim against General Corporation of Texas and Vanessa Gregory is time-barred. BOA also contends that the claims asserted against it under the Texas Constitution are time-barred. Plaintiffs, who are represented by counsel, did not respond to the Motion to Dismiss.

Order –Page 1

Before considering the merits of BOA's Motion to Dismiss, the magistrate judge considered whether the court has subject matter jurisdiction. The magistrate judge determined that subject matter jurisdiction exists based on diversity because Plaintiffs' negligence is time-barred and fails under Texas law, and, as a result, the joinder of nondiverse defendants General Corporation of Texas and Vanessa Gregory in this action was improper. Turning to the merits of the motion, the magistrate judge determined that BOA's Motion to Dismiss should be granted because the claims against it are barred by applicable statute of limitations. Because Plaintiffs' claims fail as a matter of law, and Plaintiffs did not respond to the Motion to Dismiss or take any action since the case was removed, the magistrate judge determined that Plaintiffs have pleaded their best case and any efforts by them to amend would be futile. Plaintiffs did not file objections to the Report.

Having reviewed the pleadings, file, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion to Dismiss (Doc. 6) and **dismisses with prejudice** Plaintiffs' claims against BOA based on alleged violations of the Texas Constitution. Further, because General Corporation of Texas and Vanessa Gregory were improperly joined, dismissal of Plaintiffs' negligence claim against them is proper. *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2013 WL 5969920, at *2 (N.D. Tex. Nov. 8, 2013) (concluding that dismissal of nondiverse defendant was required once court finds improper joinder and citing cases that support dismissal of improperly joined defendants). Accordingly, court **dismisses with prejudice** Plaintiffs' negligence claim against General Corporation of Texas and Vanessa Gregory. As no claims remain, the court **dismisses with prejudice** this action. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 13th day of November, 2013.

                                                  _/s/ Sam A. Lindsay_
                                                  Sam A. Lindsay
                                                    United States District Judge